UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE EDWARD FRANCIS, | ) | 1:09-CV-00405 JMD HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS WITH PREJUDICE |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| MATTHEW CATE, | ) | ENTER JUDGEMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

George Edward Francis ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a plea of *nolo contendre* in 2006 on the charge of possession of heroin (Cal. Health & Safety Code § 11350(a). (Answer at 1; Pet. at 1). Petitioner also admitted that he had a previous serious felony conviction. Petitioner was sentenced to term of six years, consisting of a three year term for count one which was doubled by the sentence enhancement for the prior conviction. (Pet. at 1).

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District. (*See* Lod. Doc. 3). The appellate court issued a reasoned opinion on May 12, 2008, affirming Petitioner's conviction and sentence enhancement. (*See* Lod. Doc. 5).

Petitioner then filed a petition for review to the California Supreme Court, which the court denied on August 15, 2008. (*See* Lod. Doc. 6).

1         On February 4, 2009, Petitioner filed the instant federal petition for writ of habeas corpus.

2         On May 28, 2009, Respondent filed a response to the petition. Petitioner did not file a reply to the Respondent's answer.

<u>Consent to Magistrate Judge Jurisdiction</u>

        On April 24, 2009, Respondent consented, pursuant to Title 18 U.S.C. section 636(c)(1), to have a magistrate judge conduct all further proceedings, including the entry of final judgment. (Court Doc. 8). Petitioner consented to the jurisdiction of a magistrate judge on April 30, 2009. (Court Doc. 9). On April 21, 2010, the case was reassigned to the undersigned for all further proceedings. (Court Doc. 14).

## FACTUAL BACKGROUND[1]

        Appellant, George Edward Francis, was charged in an information filed July 27, 2006, with possession of heroin (Health & Saf.Code, § 11350, subd. (a), count one), driving a vehicle under the influence of a drug (Veh.Code, § 23152, subd. (a), count two), driving a vehicle with a blood alcohol level of .08 percent or more (Veh.Code, § 23152, subd. (b), count three), possession of narcotic paraphernalia (Health & Saf.Code, § 11364, count four), and possession of a hypodermic needle and syringe (Bus. & Prof.Code, § 4140, count five). Counts two and three alleged an enhancement that Francis was driving over the speed limit on a freeway (Veh.Code, § 23582). The information alleged three prior serious felony convictions within the meaning of the three strikes law (Pen.Code, § 667, subd. (d)) and five prior prison term enhancements ( § 667 .5, subd. (b)).

        On May 30, 2007, Francis entered into a plea agreement in which he would admit count one and one prior serious felony conviction. Francis would receive the upper term of three years on count one and his sentence would be doubled pursuant to the three strikes law. The court expressly informed Francis that he had the right to have a jury decide whether aggravating factors exist to justify an upper term sentence. Francis told the court he was having trouble because he thought he could beat all three strikes on appeal because they were dismissed.FN3 The court explained to Francis that even though the cases involving the prior serious felony allegations had been dismissed after he successfully completed [California Rehabilitation Center (CRC)], they still counted as "strikes" against him.

        Francis told the judge he did not need to discuss the matter any further with his attorney. The court explained that Francis would not be able to appeal from his six-year sentence. The court advised Francis of, and Francis waived, his constitutional

---

[1] These facts are derived from the California Court of Appeal's opinion issued on May 12, 2008 (*See* Lod. Doc. 5). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a determination of fact by the state court is presumed to be correct unless Petitioner rebuts that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sanders v. Lamarque*, 357 F.3d 943, 948 (9th Cir. 2004). Here, Petitioner has not presented evidence that would permit the Court to set aside the presumption of correctness that has attached to the State court's factual findings.

rights pursuant to Boykin/Tahl. Francis was advised by the court, and expressly waived, his right to a jury trial on any aggravating circumstances the court would use to justify an aggravated sentence. The court advised Francis of the consequences of his plea.

Francis waived his right to a preliminary hearing and his counsel stipulated there was a factual basis for the plea based on the highway patrol officer's report. The parties further agreed that Francis possessed a useable amount of heroin. Francis pled no contest to count one and admitted a prior serious felony conviction in August 2001 for robbery. The court granted the prosecutor's motion to dismiss all of the remaining allegations, enhancements, and cases.

(Lod. Doc. 5 at 2-3) (footnotes omitted).

## DISCUSSION

**I.     Jurisdiction**

A person in custody pursuant to the judgment of a state court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner is currently incarcerated at California Rehabilitation Center (Males) in Norco, California.[2] and Petitioner's custody arose from a conviction in the Stanislaus County Superior Court. (Pet. at 2). As Stanislaus County falls within this judicial district, 28 U.S.C. § 84(b), the Court has jurisdiction over Petitioner's application for writ of habeas corpus. *See* 28 U.S.C. § 2241(d) (vesting concurrent jurisdiction over application for writ of habeas corpus to the district court where the petitioner is currently in custody or the district court in which a State court convicted and sentenced Petitioner if the State "contains two or more Federal judicial districts").

**II.    ADEPA Standard of Review**

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by*

---

[2]Norco, California is located in Riverside County.

*Lindh*, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment)). The instant petition was filed in 2009 and is consequently governed by the provisions of the AEDPA, which became effective April 24, 1996. *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003). Thus, the petition "may be granted only if [Petitioner] demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)); *see Lockyer*, 538 U.S. at 70-71.

As Petitioner is in custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment, 28 U.S.C. § 2254 remains the exclusive vehicle for Petitioner's habeas petition. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126-1127 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) in holding that, "[s]ection 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction'").

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id*. (quoting *Williams*, 592 U.S. at 412). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id*. Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer*, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *see also Lockyer*, 538 U.S. at 72. "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies

that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).  Furthermore, AEDPA requires that we give considerable deference to state court decisions.  The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1).  We are bound by a state's interpretation of its own laws. *Souch v. Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002).

The initial step in applying AEDPA's standards requires a federal habeas court to "identify the state court decision that is appropriate for our review." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005).  Where more than one State court has adjudicated Petitioner's claims, the Court analyzes the last reasoned decision. *Id*. (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) for the presumption that later unexplained orders, upholding a judgment or rejecting the same claim, rests upon the same ground as the prior order).  Thus, a federal habeas court looks through ambiguous or unexplained state court decisions to the last reasoned decision in order to determine whether that decision was contrary to or an unreasonable application of clearly established federal law. *Bailey v. Rae*, 339 F.3d 1107, 1112-1113 (9th Cir. 2003).  Here, the California Court of Appeal and the California Supreme Court were the only courts to have adjudicated Petitioner's claims.  As the California Supreme Court summarily denied Petitioner's claims, the Court looks through those decisions to the last reasoned decision; namely, that of the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. at 804.

**III.     Review of Petitioner's Claims**

The petition for writ of habeas corpus seemingly contains a sole ground for relief, alleging that Petitioner's due process rights were violated by the trial court's imposition of a sentence enhancement based on a prior conviction that had been dismissed. (Pet. at 3-6).[3] In briefing submitted to this Court, Respondent contends that this claim is procedurally defaulted, pointing to the California Court of Appeal's decision which denied this claim on the grounds that Petitioner had failed to secure a certificate of probable cause from the trial court. (Answer at 3).

A claim is considered procedurally default where the state court invokes a state procedural rule, which is adequate to support the judgment and independent of federal law, to reject a federal claim. *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991). A state procedural rule is adequate if the rule is sufficiently clear at the time of the default. *Ford v. Georgia*, 498 U.S. 411, 423 (1991). Additionally, the rule must be "firmly established and regularly followed" by the state court. *Id*. at 424-425 (finding that rule announced at time of procedural default is not firmly established); *see Wood v. Hall*, 130 F.3d 373, 377 (9th Cir. 1997) (stating that a rule is inadequate where the rule is selectively applied, ambiguous, or unsettled in the state and is not inadequate merely because the rule entails the exercise of judicial discretion). The procedural rule is independent if it is not "interwoven with the federal law." *Michigan v. Long*, 463 U.S. 1032, 1040-1041 (1983); *see Morales v. Calderon*, 85 F.3d 1387, 1393 (9th Cir. 1996) (quoting *Coleman*, 501 U.S. at 735 (quoting *Michigan v. Long*, 463 U.S. at 1041), in stating "[f]ederal habeas review is not barred is the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law'").

"[P]rocedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)). The fact that the State court went on to reach the merits of the case does not erase the procedural bar. *See id*. at 264 n. 10 (stating that, "a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition,

---

[3]Arguably, the petition contains two additional grounds for relief, neither of which has its own headings distinguishing it from the current claim. (Pet. at 6-7). The Court addresses both claims in a later section.

the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law").

As procedural default is an affirmative defense, Respondent bears the burden of pleading and proving that the state procedural bar is adequate and independent while Petitioner bears the interim burden of placing the adequacy of the defense at issue. *Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003). Respondent has met that burden by pleading that this claim is procedurally defaulted pursuant to the rule contained in California Penal Code section 1237.5, which requires that a defendant obtain a certificate of probable cause when appealing from a guilty plea. (Answer at 3). Section 1237.5 provides:

> No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:
>     (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.
>     (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.

Cal. Pen. Code § 1237.5 (Deering's 2009). Thus, the burden has shifted to Petitioner to place the adequacy of the rule requiring a certificate of probable cause into question as "the scope of the state's burden of proof thereafter will be measured by the specific claims of inadequacy put forth by the petitioner." *Bennett*, 322 F.3d at 584-85. Petitioner did not reply to Respondent's answer and thus there are no "specific allegations by the petitioner as to the adequacy of the state procedure." *Id*. Petitioner has failed to satisfy his interim burden under *Bennett*. Even if Petitioner had replied, the Court concludes that the procedural rule rests on an adequate and independent state procedural ground. *See Strong v. Sullivan*, 265 Fed.Appx. 489, 490 (9th Cir. 2008) (citing to *People v. Mendez*, 19 Cal.4th 1084, 81 Cal.Rptr.2d 301 (1999), for proposition that failure to comply with California Penal Code section 1237.5 procedurally bars a habeas claim as the rule is an independent and adequate state procedural ground); *see also Rodriguez v. Hernandez*, 2009 WL 2525444, *7 (S.D. Cal. 2009). As the application of California Penal Code section 1237.5 does not depend on any federal law, it is independent for purposes of procedural default analysis. *See Vang v. Nevada*, 329

F.3d 1069, 1075 (9th Cir. 2003) (citing *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000), in stating that a "court's decision is not 'independent' if the application of a state's default rule depends on a consideration of federal law"). Section 1237.5 is also adequate for the purposes of imposing a procedural bar, as it is firmly established by statute and applied consistently by California's appellate courts. *See People v. Panizzon*, 12 Cal.4th 68, 79 (Cal. 1996) (Cal. Penal Code § 1237.5 does not allow the reviewing court to hear the merits of issues going to the validity of the plea unless the defendant obtains a certificate of probable cause, or seeks and obtains relief from default in the reviewing court); *People v. Cuevas*, 44 Cal. 4th 374, 385 (Cal. 2008) (same); *People v. Shelton*, 37 Cal.4th 759, 766 (Cal. 2006) (same). Consequently, a federal habeas court is barred from reviewing Petitioner's claim unless Petitioner can demonstrate cause and actual prejudice or that failure to review Petitioner's claims is necessary to avoiding a miscarriage of justice. *Coleman*, 501 U.S. at 725.

"'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (finding cause is established by ineffective assistance of counsel but that principles underlying exhaustion requires that the ineffective assistance of counsel claim be raised to state court) (hereinafter "*Murray*"); *see Stickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (finding cause where the failure to raise a claim resulted from conduct attributable to the prosecutor that impeded trial counsel's access to the factual basis for the claim); *see also McCleskey v. Zant*, 499 U.S. 467, 493-494 (1991) (finding that objective factors that may constitute cause include interference by officials that would make assertion of the claim impracticable, a showing that the factual or legal basis for the claim was not reasonably available, or constitutionally ineffective assistance of counsel under the Sixth Amendment). Here, Petitioner has not shown any cause for his procedural default though he makes vague assertions that trial counsel was ineffective in failing to raise the dismissal of the prior strikes at trial. (Pet. at 7). Such a vague assertion is unpersuasive especially in light of the fact that the legal and factual basis for the claim was reasonably available and known to Petitioner during the time frame required for him to obtain a certificate of probable cause. The trial court repeatedly told

Petitioner that he faced a term of three years for count one and that term would be doubled based on his admission of a prior strike. (RT at 4-5, 16). Petitioner, himself, raised this issue during the sentencing phase, thus making his failure to obtain a certificate of probable cause even more perplexing. (Id. at 17). In sum, Petitioner fails to offer any other rationale for his failure to secure a certificate of probable cause from the trial court.

As Petitioner has not established cause, the Court need not consider whether Petitioner can demonstrate that he would be prejudiced by the procedural default. *McCleskey*, 499 U.S. at 502 (citing *Murray*, 477 U.S. at 494); *see also Smith v. Murray*, 477 U.S. 527, 533-534 (1986) (noting that the court need not determine whether a petitioner had suffered prejudice as it was "self-evident" that the petition had not demonstrated cause); *see also Cook v. Schriro*, 538 F.3d 1000, 1028 n. 13 (9th Cir. 2008) (citing to *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982) for the proposition that a court need not consider whether a petitioner suffered actual prejudice where the petitioner cannot show cause). Even if Petitioner had established cause, the Court finds that Petitioner did not suffer prejudice arising from the failure to obtain a certificate of probable cause as the State appellate court alternatively denied Petitioner's claim on the merits. (Lod. Doc. 5 at 5).

"Even if a state prisoner cannot meet the cause and prejudice standard, a federal court may hear the merits of [a defaulted claim] if the failure to hear the claim[s] would constitute a 'miscarriage of justice.'" *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992); *see also Schlup v. Delo*, 513 U.S. 298, 321 (1995) (reiterating exception for fundamental miscarriage of justice but noting that exception is explicitly tied to petitioner's innocence). Thus, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule, however, [Petitioner] must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1028 (quoting *Murray*, 477 U.S. at 496). Here, Petitioner does not claim actual innocence; rather, he is claiming that his sentence was erroneous. Consequently, the Court finds that Petitioner's claim is procedurally defaulted and federal review of the claim is foreclosed.

\\\

\\\

Petitioner additionally argues that "he was sentenced to greater than the maximum term on the basis of a fact that was not determined against him by a jury or Trier of fact beyond a reasonable doubt which is a violation of his Due Process rights under the Constitution of the United States." (Pet. at 6). Presumably, Petitioner is basing this argument of the United States Supreme Court's previous statement that, "the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Jones v. United States*, 526 U.S. 227, 246 n. 6) (1999). In *Apprendi v. New Jersey*, 530 U.S. 466, 475 (2000), the Supreme Court recognized that "[t]he Fourteenth Amendment commands the same answer." The *Apprendi* court found however that an exception to this rule existed, noting that in its holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 248-249 (1998), the Supreme Court had upheld a sentence as the defendant in *Almendarez-Torres* had admitted the prior conviction. Here, Petitioner's case is similar to the one found constitutional in *Almendarez-Torres* as Petitioner, himself, admitted the prior strikes. Thus, Petitioner is not entitled to habeas corpus relief based on this argument.

Petitioner also posit that trial counsel provided ineffective assistance of counsel, citing to *Strickland v. Washington*, 466 U.S. 668 (1984), among other cases when discussing "the part played by defense counsel in this miscarriage of justice." (Pet. at 7).[4] An allegation of ineffective assistance of counsel requires that a petitioner establish two elements–(1) counsel' s performance was deficient and (2) petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687(1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). To prevail on the second element, Petitioner bears the burden of establishing that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

---

[4] Generally, ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of 28 U.S.C. § 2254(d). *Weighall v. Middle*, 215 F.3d 1058, 1061-1062 (9th Cir. 2000). For the purposes of habeas cases governed by 28 U.S.C. § 2254(d), the law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998). Here, there is not a State court decision on this ground as Petitioner failed to fairly present this claim in the State courts. (Answer at 5-6). However, a petition may de denied on the merits if it is clear that the petition fails to raise even a colorable claim. 28 U.S.C. § 2254(b)(2); *see Cassett v. Stewart*, 406 F.3d 614, 623-624 (9th Cir. 2005)(stating that, "a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim").

reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the Petitioner as a result of the alleged deficiencies as prejudice is a prerequisite to a successful claim of ineffective assistance of counsel; therefore, any deficiency that was not sufficiently prejudicial to Petitioner's case is fatal to an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 697. Here, Petitioner could not establish prejudice by counsel's failure to bring up the issue relating to his prior strikes as Petitioner himself brought up the strikes at sentencing. Additionally, the appellate court noted that Petitioner's prior strikes could be used as a sentencing enhancement pursuant to state law even though they were dismissed upon Petitioner's completion at CRC. (Lod. Doc. 5 at 5). As "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus," Petitioner has failed to raise a colorable claim of prejudice arising from trial counsel's alleged deficiency. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) and *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)). Consequently, Petitioner is not entitled to habeas corpus on this ground.

### IV.     Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides that a circuit judge or judge may issue a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." Where the court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S.Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."

1 *Miller-El*, 123 S.Ct. at 1040.

2   In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   April 22, 2010**              /s/ John M. Dixon
                                    UNITED STATES MAGISTRATE JUDGE